

UNITED STATES DISTRICT COURT{PRIVATE }

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| HENRY KAYONGO-MALE, | * | CIV. 04-4172 |
| Plaintiff, | * | |
| vs. | * | COMPLAINT |
| SOUTH DAKOTA STATE UNIVERSITY, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

The Plaintiff, for his cause of action against Defendant, states and alleges as follows:

## GENERAL ALLEGATIONS

1.    This Court has jurisdiction over this matter under 42 U.S.C. § 2000e (The Civil Rights Act of 1964 as amended (1991)) and 28 U.S.C. §§ 1331, 1337, & 1343.

2.    Plaintiff is a resident Brookings, Brookings County, South Dakota.

3.    Plaintiff is an African-American United States citizen, who was born and raised in Uganda.

4.    Defendant South Dakota State University ("SDSU") is a state-owned and operated educational institution organized under the South Dakota Board of Regents, with its principal place of operation and instruction in Brookings, South Dakota.

5.      Plaintiff was hired in 1986 as a 9-month teaching professor in the Biology Department at SDSU.

6.      In 1992, Plaintiff was tenured.

7.      Plaintiff has a very strong teaching record that has been consistently recognized for a number of years.

8.      Plaintiff is the only African-American in his department.

9.      On May 12, 2003, after receiving notification of his new contract for the upcoming year, which included a 1.76% annual raise, Plaintiff approached the department head, Dr. Thomas Cheesborough to inquire why his raise was so low.

10.     The department head informed Plaintiff that everyone in the department received similarly low raises that year.

11.     Annual salary increases at SDSU are based on a formula factoring in teaching/advising, research/scholarship, and service, placing greater or lesser weight on each factor according to the workload percentage in each area, each of which are determined by the department heads.

12.     SDSU's department heads, and perhaps others, determine professors' annual salary increases in complete secrecy.

13.     Plaintiff then researched other professors' salary raises in the department, and discovered that his increase was by far the lowest, with the highest increase being 9.43%.

14.     Plaintiff then researched salary comparisons in the Biology Department going back to 1992.

2

15.     In 1992, due to similar discrepancies involving Plaintiff's highly positive evaluations and very low salary increases, Dr. Carol Peterson, Provost and Vice President for Academic Affairs at SDSU, provided Plaintiff with a 7.6% salary increase to ameliorate the discrepancy.

16.     Plaintiff learned that, each year going back to 1992, he consistently received the lowest or second-lowest annual salary increase in the department.

17.     On October 23, 2003, Plaintiff initiated a discrimination charge under Title VII of the Civil Rights Act of 1964 with the United States Equal Employment Opportunity Commission (EEOC) in Denver.

18.     On July 28, 2004, without making a determination of whether there was probable cause to believe Plaintiff was discriminated against, the EEOC terminated its investigation and issued Plaintiff a "Notice of Right to Sue" SDSU under Title VII.

COUNT ONE

VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

19.     Plaintiff realleges and incorporates paragraphs 1 through 18 as if set forth herein verbatim.

20.     SDSU personnel applied its methodology for determining professorial annual raises in a discriminatory fashion against Plaintiff, resulting in disparate treatment against him.

21.     SDSU's actions toward Plaintiff on the basis of his race have caused, and will in the future cause, Plaintiff to

3

suffer substantial damages for mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

22. Under 42 U.S.C. § 2000e-5, Plaintiff is entitled to back pay well as front pay.

23. Under 42 U.S.C. § 1981a, Plaintiff is entitled to recover compensatory damages, including damages for emotional pain, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

24. Defendant's discriminatory conduct toward Plaintiff was willful and wanton, and was undertaken with malice and/or intentional or reckless indifference to Plaintiff's federally protected rights.

25. Because Defendant's discriminatory conduct was willful and wanton, and was taken with malice and/or intentional or reckless indifference toward Plaintiff's federally protected rights, Plaintiff is entitled to punitive damages.

26. Under 42 U.S.C. sec. 12205, Plaintiff is entitled to his reasonable attorney fees, litigation expenses, and costs incurred in this action.

COUNT TWO

VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27. Plaintiff realleges and incorporates paragraphs 1 through 18 as if set forth herein verbatim.

28. SDSU's methodology for determining annual professorial pay raises, although perhaps facially neutral, resulted in

discrimination against Plaintiff due to its disparate impact against him.

29. SDSU's actions toward Plaintiff on the basis of his race have caused, and will in the future cause, Plaintiff to suffer substantial damages for mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

30. Under 42 U.S.C. § 2000e-5, Plaintiff is entitled to back pay well as front pay.

31. Under 42 U.S.C. § 1981a, Plaintiff is entitled to recover compensatory damages, including damages for emotional pain, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

32. Under 42 U.S.C. sec. 12205, Plaintiff is entitled to his reasonable attorney fees, litigation expenses, and costs incurred in this action.

WHEREFORE, Plaintiff prays for relief as follows:

1. For Plaintiff's past pecuniary losses, including the loss of wages to be determined by a jury at trial;

2. For front pay in an amount to be determined by the District Court following trial;

3. For Plaintiff's compensatory damages in an amount to be determined at trial;

4. For punitive damages in an amount to be determined by a jury at trial;

5. For attorney fees, costs, and disbursements incurred herein; and

6. For such other and further relief as the Court deems just and equitable under the circumstances.

Dated this 26 day of October, 2004.

_____
Thomas W. Clayton
300 North Dakota Avenue, Suite 310
Sioux Falls, SD   57104-6026
605/331-2565
Attorney for Plaintiff

REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues triable of right by a jury.

_____